The order below is hereby signed.

Signed: February 6 2025

Elizabeth L. Gunn
U.S. Bankruptcy Judge



# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF COLUMBIA

| | |
|---|---|
| In re:<br><br>**Bonnie Iqbalperbak,**<br>Debtor. | Case No. 24-00176-ELG<br><br>Chapter 13 |

## ORDER ON MOTION TO DESIGNATE DEBTOR REPRESENTATIVE AND DISCHARGING SHOW CAUSE ORDER

Almost since its inception, the issue of the competency of Bonnie Iqbalperbak (the "Debtor") has been an issue in this case. The question was raised at the initial § 341[1] meeting of creditors started on July 15, 2024, and again at the Court's hearing held July 19, 2024. After a continued hearing on August 23, 2024, at which the Debtor did not appear, the Court issued its *Order to Show Cause* (ECF No. 41) regarding the Debtor's capacity (the "Order to Show Cause"). The Order to Show Cause set forth many more details regarding the question of competency. A hearing on the Order to Show Cause was initially set for September 13, 2024. Prior to the hearing, the Debtor engaged counsel who timely filed a response on September 12, 2024. The hearing on the Order to Show Cause was continued to allow counsel time to fully evaluate the situation, and on December 12, 2024, counsel filed the *Motion to Designate Debtor Representative* (the "Motion

---

[1] Unless specified otherwise, all chapter, code, and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, and the Federal Rules of Bankruptcy Procedure, Rules 1001–9037.

1

to Designate") (ECF No. 96). One objection to the Motion to Designate was filed by creditor/interested party by interested party Evelyn Parchment (ECF 102).

The Motion to Designate seeks relief under both Federal Rule of Bankruptcy Procedure 1004.1[2] (Voluntary Petition on Behalf of an Infant or Incompetent Person and Federal Rule of Bankruptcy Procedure 1016 (Death or Incompetency of Debtor). The Motion to Designate requests that the Court find that the Debtor's petition was validly filed by Mr. Vilas Henderson[3] as the Debtor's next friend and to further appoint Mr. Henderson as the Debtor's guardian ad litem for the duration of this chapter 13 case. *See* Fed. R. Bankr. P. 1004.1(b). Further, the Motion to Designate asks that the Court not dismiss this case and allow it to proceed forward with Mr. Henderson as guardian ad litem in the best interest of the debtor and creditors. *See* Fed. R. Bankr. P. 1016(b). As set forth in the Motion to Designate, Mr. Henderson is knowledgeable as to the Debtor's financial condition and is willing to serve as her guardian ad litem in these proceedings. Based upon the record in this case, including the allegations in the Motion to Designate, the Court finds that cause exists to accept the petition as filed by the Debtor's next friend Mr. Henderson and to appoint Mr. Henderson as guardian ad litem in the Debtor's chapter 13 case.

Therefore, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that:

1. The Motion to Designate is **GRANTED** and the opposition is **OVERRULED**.

2. The Order Show Case is **DISCHARGED**.

3. The filing of the Debtor's petition was valid.

---

[2] The Motion to Designate references § 1004 and § 1016, however, given the history and facts of this case, the Court understands the reference to be to Federal Rules of Bankruptcy Procedure 1004.1 and 1016.

[3] The Motion to Designate identifies the proposed guardian ad litem as Mr. Vijan Henderson. The Court finds that this is a scrivener's error, and the correct person is Mr. Vilas Henderson.

4. Mr. Vilas Henderson is hereby appointed as guardian ad litem for the debtor Bonnie Iqbalperbak solely for all purposes in this chapter 13 case and any related adversary proceeding (if any), and not for any other purpose or in any proceeding not related to this case.

[Signed and dated above.]

Copies to: Debtor; recipients of electronic notice;